UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN TERRELL HILL, H67149,<br>Plaintiff,<br>v.<br>CALIFORNIA CORRECTIONAL HEALTH CARE SERVICES, et al.,<br>Defendant(s). | Case No. 25-cv-04087-CRB (PR)<br><br>**ORDER DENYING REQUEST TO ENTER PARTIAL JUDGMENT AS TO CLAIMS DISMISSED WITHOUT LEAVE TO AMEND**<br><br>(ECF No. 20) |

On July 25, 2025, the court screened plaintiff's pro se prisoner complaint under 42 U.S.C. § 1983 alleging that various prison officials violated his constitutional rights by compelling him to continually attend a cognitive behavioral intervention (CBI) life skills class and denying his prison grievances relating thereto. The court dismissed plaintiff's Fourteenth and First Amendment claims without leave to amend but dismissed his Eighth Amendment claim with leave to amend within 28 days of the court's order.

On August 11, 2025, plaintiff filed a motion for an extension of time to amend. On August 13, 2025, the court granted the motion, noting that plaintiff "may file an amended complaint, as indicated in the court's July 25, 2025, order of dismissal with partial leave to amend, by no later than October 10, 2025." ECF No. 17 at 1.

On August 15, 2025, plaintiff filed a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). On August 19, 2025, the court construed the motion as a motion for reconsideration of the court's July 25, 2025, order of dismissal with partial leave to amend and denied it because "[p]laintiff's contention that all asserted claims in the complaint are cognizable under 42 U.S.C. § 1983 and must be served is without merit." ECF No. 19 at 1.

On August 28, 2025, plaintiff filed a request that the court enter a partial judgment as to the claims dismissed without leave to amend so he can appeal the dismissal of those claims before the court adjudicates his surviving Eighth Amendment claim. Plaintiff's request (ECF No. 20) is DENIED. Federal Rule of Civil Procedure 54(b) allows a district court in appropriate circumstances to enter judgment on one or more claims while others remain adjudicated "if the court expressly determines that there is no just reason for delay." The circumstances here – the screening-out of some claims in a recently filed prisoner case – do not justify entry of a partial judgment on the screened-out claims at this early point in the proceedings.

Plaintiff has two choices. First, he can file a First Amended Complaint (FAC) setting forth sufficient facts to plausibly meet the objective and subjective components of the Eighth Amendment claim he proposes, if possible. And once the Eighth Amendment claim is adjudicated and judgment is entered as to all claims in the original complaint, he can appeal the dismissal without leave to amend of his proposed Fourteenth and First Amendment claims (and Eighth Amendment claim, if adjudicated against him).[1] Second, he can stand on his original complaint and not amend and, after the court enters judgment as to all claims in the original complaint, he can appeal the dismissal of all the claims.

Plaintiff will be provided a final opportunity to file a FAC, as indicated in the court's July 25, 2025, order of dismissal with partial leave to amend, by no later than November 14, 2025. Failure to file a proper FAC by November 14, 2025, will result in the dismissal of this action and all the claims raised in the original complaint.

**IT IS SO ORDERED**.

Dated: October 17, 2025

_____
CHARLES R. BREYER
United States District Judge

---

[1] For purposes of appeal, plaintiff will not waive his proposed Fourteenth and First Amendment claims alleged in the dismissed original complaint which are not realleged in the FAC. See Lacey v. Maricopa County, 693 F.3d 896, 925 (9th Cir. 2012) (en banc). "For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal. But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled." Id. at 928.