1 | Brian T. Hill
2 | H67149 WB-202
3 | P.O. Box 705
4 | Soledad, CA. 93960-705
5 | Plaintiff-Petitioner
6 | In Pro Per

FILED
NOV 03 2025
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRIAN T. HILL,
Plaintiff-Petitioner,

VS.

CALIFORNIA CORRECTIONAL HEALTH
CARE SERVICES, et. al.,
Defendants-Respondents.

Case No. 3:25-CV-04087-CRB

PLAINTIFF-PETITIONER'S
REQUEST FOR STAY OF PROCEEDINGS Per Fed. R. Civ. Pro.,
R. 62(h), et. seq.

TO: The clerks of court, district court judge Charles R. Breyer, and all other Parties of Interest, the Plaintiff-Petitioner Brian T. Hill, "REQUEST" that a "STAY OF PROCEEDINGS" be rendered in this matter pending resolution of the Petition for Writ of Mandate/Prohibition thats pending in the United States Court of Appeals for the Ninth Circuit case no. 25-6063 regarding district court judge Charles R. Breyer's "ABUSE" of "DICRETION" as to the "DISMISSAL" of "THREE CAUSES OF ACTIONS'" without leave to amend of a Civil Rights Complaint upon its initial screening.

FACTS

On May 6, 2025 the Plaintiff-Petitioner filed a Civil Rights Complaint against various state prison officials' and their co-conspirators' for various Federal Constitutional Rights violations, in which the U.S. District Court, Northern District of California insisted that these documents' were to be filed electronically in which was performed on June 5, 2025.

Three of the four Causes of Actions' were dismissed by the district court on July 25, 2025 (document 14), received july 30, 2025; a Request to Alter or Amend Judgment was filed on August 12, 2025, denied on August 19, 2025 (document 19), received August 21, 2025; a Request that this court Certify its Judgment as a Final Ruling for Appeal was filed on August 25, 2025, the district court failed to file an order in this matter, a Petition for Writ of Mandate/Prohibition was filed in the U.S. Court of Appeals for the Ninth Circuit on September 17, 2025; the U.S. Court of Appeals for the Ninth Circuit issued the Writ of Mandate/Prohibition giving the Plaintiff-Petitioner until November 5, 2025 to file the Appeal Opening Brief in case no. 25-6063, this Brief was filed on October 19, 2025; and the district court just now issued an order denying the Plaintiff-Petitioner's Request for this court to Certify its Order as a Final Judgment for Appeal on October 17, 2025 (document 23), received October 23, 2025.

POINTS AND AUTHORITIES

In Stiner V. Brookdale Senior Living, Inc. (N.D. Cal. 2019) 383 F.Supp.3d 949,953, this court acknowledged that the "Ninth Circuit

2

has held that a district court's order denying a motion to compel arbitration does not automatically result in a mandatory stay of proceedings pending appeal of that order. (case cited) Instead, the district court has discretion to decide whether to stay proceedings pending appeal. Id. The party requesting the stay bears the burden of showing that the circumstances justify exercise of that discretion. (case cited) To determine whether the moving party has met its burden, the Supreme Court articulated the following four-factor test: "(1) whether the [movant] has made a strong showing that [the movant] is likely to succeed on the merits; (2) whether the [movant] will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Id. at 418. Courts in the Ninth Circuit weigh these factors with a "general balancing" or "sliding scale" approach, under which "a stronger showing of one element may offset a weaker showing of another." (case cited) As to the first factor, if a movant is unable to show a "strong likelihood of success," then the movant must at least demonstrate that the appeal presents a "substantial case on the merits," or that there are "serious legal question" raised. Id. at 965-68. However, under this lower threshold, the movant must then demonstrate that the balance of hardships under the second and third factor tips sharply in the movant's favor." Id. at 970.

And at pages 953-954, this district court further acknowledged that "the Ninth Circuit has not clearly defined the phrase "substan -tial case on the merits," but courts in this district have inter- preted the phrase to mean a case that: (1) "raises genuine matters

3

of first impression within the Ninth Circuit;" (2) may "implicate a constitutional question"; or (3) "otherwise address[es] a pressing legal issue which urges that the Ninth Circuit hear the case." (cases cited) The court will follow the same approach, as it is consistent with public policy recognizing that while a stay is an "intrusion into the ordinary processes of administration and judicial review," there may be instances when enforcement of a determination should be stayed to allow the reviewing court ample time to consider the merits and prevent "irreparable injury to the parties or to the public." (cases cited) Any other approach would allow a party to indefinitely stall trial "simply by bring a frivolous motion to compel arbitration. "" (case cited)

In the Plaintiff-Petitioner's case, the Plaintiff knows that he will have "success on the merits" because the law is clearly-established and well-defined that dismissal without leave to amend is an abuse of discretion (<u>Second Amendment Found. V. Ferguson (9th Cir. 2025) 2025 U.S. App. LEXIS 15985 at *2-*3; Morris V. California (9th Cir. 2022) 2022 U.S. App. LEXIS 20339 at *4.</u>) and that if its discovered that "a decision based on an erroneous legal standard or a clearly erroneous finding of fact amounts to an abuse of discretion." (<u>Meritage Homes of Nev., Inc V. FDIC (9th Cir. 2014) 753 F.3d 819, 823.</u>)

The Plaintiff will also be irreparably injured by the prolongation of this Civil Rights Complaint with this piece meal litigation that this district court is attempting to force the Plaintiff to participate in and this prolongation of this litiga-

1  tion grants these Defendants' an excessive amount of time to
2  cover-up the criminal acts' as perpetrated against the Plaintiff
3  and other similarly situated incarcerated individuals' by way of
4  transfers' of said parties, early releasesfrom incarceration, and
5  by way of the unexpected deaths' of two incarcerated individuals'
6  and the resuscitation of a third individual as of October 20, 2025
7  that has not been reported to the public as of this date and to
8  the Plaintiff's knowledge.

10  Third, this stay of proceedings will not injure any other
11  parties in these proceedings do unto no defendant has been served
12  with process yet, is not being deprived of any defense to the
13  asserted allegations of the causes of actions' thats been dismiss-
14  ed without leave to amend and the pending cause of action that
15  was allowed to remain pending amendment.

17  And the public's interest lies in the resolution of laws and
18  facts of every state and federal constitutionalrights violation
19  and has so stated through Congressional Standings upon the passage
20  of the Civil Rights Act of 1964 and Article III Standing in which
21  entitles a plaintiff to be given the oppertunity to present and
22  prove such said allegations in a court of law before the dismissal
23  of said allegations upon erroneous legal standings or a clearly
24  erroneous finding of fact as perpetrated by this court, in which
25  requires the "STAYING" of the "DISTRICT COURT'S PROCEEDINGS" until
26  these conclusions of laws and facts are resolved by the U.S. Court
27  of Appeals for the Ninth Circuit. (see Scripps-Howard Radio, Inc.
28  V. FCC (1942) 316 U.S. 4, 9-10; Nken V. Holder (2009) 556 U.S. 418

, 426-427; <u>City &Cty. of san Francisco V. United States Citizenship & Immagration Servs.</u> (9th Cir. 2019) 944 F.3d 773, 788-789.)

PRAYER FOR RELIEF

Despite the district court not having jurisdiction over this matter once the U.S. Court of Appeals for the Ninth Circuit issued the writ of mandate/prohibition, (<u>Whitney National Bank V. Bank of New Orleans & Trust Co.</u>, 379 U.S. 411, 425, 13 L. Ed.2d 386, 85 S. Ct. 551 (1965).) the Plaintiff Respectfully Request that these "PROCEEDINGS" be "STAYED" pending Resolution of the Writ of Mandate /Prohibition case no. 25-6063 thats now pending before the U.S. Court of Appeals for the Ninth Circuit.

VERIFICATION

I, the Plaintiff-Petitioner Brian T. Hill, declare under the penalty of perjury and California laws that the aforementioned statements, facts, and occurrences are true and correct to my knowledge and state that I am willing to so testify.

SIGNED _____  DATED Oct 29, 2025
BRIAN T. HILL
PLAINTIFF-PETITIONER
IN PRO PER

## PROOF OF SERVICE
## BY PERSON IN STATE CUSTODY

(Fed. R. Civ. P. 5; 28 U.S.C. § 1746)

I, _Plaintiff Brian T. Hell_, declare:

I am over 18 years of age and a party to this action. I am domiciled in Correctional Training Facility (CTF), a California State Prison, in the county of Monterey. The address at this facility is P.O. Box 705, Soledad, CA 93960.

On _October 29, 2025_, I served the attached:

_Plaintiff-petitioner's Request for Stay of Proceedings_

On the parties herein by placing true and correct copies thereof, enclosed in an unsealed envelope, with the postage thereon fully paid, verified by, and given to prison staff, for deposit in the United States Mail provided at the above-named Correctional Institution in which I am confined. The envelope was addressed as follows:

_Clerk's Office_
_U.S. District Court_
_Northern Dist. of CA._
_450 Golden Gate Ave._
_San Francisco, CA. 94102_

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this _29_ day of _October_, _2025_. By: _B. H_

### Prison Mailbox Rule

Under the "Prison Mailbox Rule" a prisoner's legal document is deemed filed, for statute of limitation purposes, when he hands it over to prison authorities for mailing [*Houston v. Lack* (1998) 487 U.S. 266, 274; *Huizar v. Carey* (9th Cir. 2001) 273 F.3d 1220, 1222.] The mailbox rule applies to prisoners filing in both federal and state courts.[*Huizar*, 2783 F.3d at p. 1223.] *Silverband v. County of Los Angeles* (2009) 46 Cal.App. 4th 106, 119-139.