UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN TERRELL HILL, H67149.<br>Plaintiff,<br>v.<br>CALIFORNIA CORRECTIONAL HEALTH CARE SERVICES, et al.,<br>Defendant(s). | Case No. 25-cv-04087-CRB (PR)<br><br>**ORDER OF SERVICE** |

Plaintiff Brian T. Hill, a prisoner at the Correctional Training Facility (CTF) in Soledad, California, filed a pro se complaint under 42 U.S.C. § 1983 alleging that various CTF officials violated his constitutional rights by compelling him to continually attend a cognitive behavioral intervention (CBI) life skills class and denying his prison grievances relating thereto. The court screened the complaint pursuant to 28 U.S.C. § 1915A and dismissed Hill's Fourteenth Amendment and First Amendment claims without leave to amend and his Eighth Amendment claim with leave to amend. Currently before the court for further screening is Hill's First Amended Complaint (FAC) alleging that various Correctional Health Care Services (CCHCS), California Department of Corrections and Rehabilitation (CDCR) and CTF officials were deliberately indifferent to his health and safety needs in violation of the Eighth Amendment by requiring him to attend the CBI life skills class despite medical conditions that made him susceptible to communicable disease.

## DISCUSSION

A.    Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §

1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.  Legal Claims

In its first screening order dismissing Hill's Eighth Amendment claim with leave to amend, the court explained:

> A prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment. Farmer v. Brennan, 511 U.S. 825, 828 (1994). This type of Eighth Amendment claim "has an objective component and a subjective component." Hampton v. California, 83 F.4th 754, 766 (9th Cir. 2023), cert. denied, 144 S. Ct. 2520 (2024). Hill must allege sufficient facts to satisfy both components to state a claim. Id.
>
> **1.  Objective Prong**
>
> The objective component of Hill's Eighth Amendment claim requires him to plausibly allege that it is "contrary to current standards of decency for anyone to be exposed against his will to the relevant hazard." Id. (citation and internal quotation marks omitted). In other words, the resulting risk of exposure must not be one that society chooses to tolerate. Id. This depends on the nature of the hazardous disease and exposure at issue. Applying this standard, the Ninth Circuit concluded a "societal consensus had emerged by May 2020 that the risk of contracting COVID-19 was intolerably grave such that involuntarily exposing inmates to the disease violated then-current standards of decency." Id. at 766 (citation and internal quotation marks omitted). But in the context of Valley Fever, the Ninth Circuit refused to recognize a societal consensus against involuntary exposure to a prevalent but yet tolerable pathogen. See Hines v. Youseff, 914 F.3d 1218, 1230–32 (9th Cir. 2019). Again, whether involuntary exposure to disease violates the Eighth Amendment depends on the nature of the disease and the exposure.
>
> Hill broadly alleges exposure to "diseases, germs, bacteria, and other maladies" and that he contracted "various sinus and respiratory infections." Compl. at 7–8. Hill must allege to which diseases or

2

>viruses CTF officials exposed him and facts plausibly showing that involuntarily exposing inmates to the diseases or viruses to which he was exposed was contrary to then-current standards of decency. See Hampton, 83 F.4th at 766.
>
>### 2. Subjective Prong
>
>The subjective component of Hill's claim requires that he plausibly allege that CTF officials "knew of and disregarded an excessive risk to inmate health and safety." Id. at 767 (citation and internal quotation marks omitted). CTF officials must have been "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and must have actually drawn the inference." Id. (citation modified). If a prison official should have been aware of the risk, but was not, then the official did not violate the Eighth Amendment, no matter how severe the risk. Gibson v. County of Washoe, 290 F.3d 1175, 1188 (9th Cir. 2002).
>
>Although Hill alleges that he suffered from several medical conditions that made him susceptible to communicable disease, he does not plausibly allege that CTF officials knew that Hill suffered from medical conditions that made him so susceptible to communicable disease that requiring Hill to attend a class with other inmates would create an excessive risk to his health and safety. See id.
>
>Hill will be provided an opportunity to amend to set forth sufficient facts to plausibly meet the objective and subjective components of the Eighth Amendment claim he proposes, if possible. Hill also must link every named defendant with his allegations of wrongdoing to show how each defendant actually and proximately caused the deprivation of the federal right of which he complains. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). Hill is reminded that in a § 1983 action a prison official can only be liable for his or her own misconduct. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009). Under no circumstances can a supervisor or superior be liable under § 1983 solely because he or she is responsible for the actions or omissions of another. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor or superior may be liable under § 1983 only upon a showing of personal involvement in the constitutional deprivation or a sufficient causal connection between the supervisor's or superior's wrongful conduct and the constitutional violation. Henry A. v. Willden, 678 F.3d 991, 1003-04 (9th Cir. 2012).

July 25, 2025, Order (ECF No. 14) at 4-6.

In the operative FAC, Hill alleges that he was involuntarily exposed to "Influenza, Norovirus, COVID-19, etc." at the CBI life skills classes he was required to attend from the dates of December 11, 2024 to July 21, 2025 despite having "Asthma, Allergies, Sciatica, Disk-space Lost of the lower spine, Degenerative Disk Disease, being a Borderline Diabetic, and Screened for Prostate Cancer." FAC (ECF No. 27) at 17. Hill adds that on multiple days in May 2025, multiple

3

inmates infected with "Norovirus, Influenza, COVID-19, etc." were "forced" to participate in CBI life skills classes with Hill "without being provided face mask[]s," "without cleaning protocols being implemented, followed, and or enforced," "without the ability to social distance," "without adequate ventilation, windows that could be opened and closed, etc.," which "resulted in [Hill] becoming infected with multiple sinus and respiratory infections." Id. at 15. And Hill alleges that it was well established by that time that persons with serious medical conditions like him who do become infected "are significantly more likely to have severe illness or die." Id. at 19.

Hill also alleges that the named CCHCS, CDCR and CTF defendants had knowledge of his underlying medical conditions "by way" of his medical records and/or "by way" of Hill having "informed" them verbally or through prison grievances that placing Hill in CBI program during "Influenza, Norovirus, Covid-19" outbreaks "jeopardized [Hill's] health and safety." Id.

Liberally construed, Hill's allegations appear arguably sufficient to plausibly satisfy the objective component of an Eighth Amendment deliberate indifference to inmate health and safety claim. See Hampton, 83 F.4th at 766. But Hill's allegations appear arguably sufficient to plausibly satisfy the subjective component of an Eighth Amendment deliberate indifference to inmate health and safety claim only as to those named defendants Hill informed verbally or through prison grievances they personally reviewed that requiring Hill (in view of his medical conditions) to attend a class with other inmates during a communicable disease outbreak would create an excessive risk to Hill's health and safety. See id. at 767. That a CCHCS, CDCR, CTF or other entity official simply knew or should have known about Hill's medical conditions is not enough – officials must have been "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and must have actually drawn the inference." Id. (citation modified) (emphasis added). Hill's § 1983 deliberate indifference to inmate health and safety claim accordingly will be ordered served on the following named defendants who allegedly knew of and disregarded an excessive risk to Hill's health and safety: Amy Casias, CDCR; Raul Monroe/r, CTF; Lidia Garcia, CTF; Ernest Medina, CTF; Ivonne Pantoja, CTF; I. Fletes, CTF; A. Burks, CTF; M. Ramirez, CTF; N. Gonzalez, CTF; Terra Adams, CCHCS; A. Delgado, CDCR;

and Steven Posson, CTF.  All other named defendants are dismissed.[1]

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The following defendant(s) shall be served:

   a. Amy Casias, CDCR;

   b. Raul Monroe/r, CTF;

   c. Lidia Garcia, CTF;

   d. Ernest Medina, CTF;

   e. Ivonne Pantoja, CTF;

   f. I. Fletes, CTF;

   g. A. Burks, CTF;

   h. M. Ramirez, CTF;

   i. N. Gonzalez, CTF;

   j. Terra Adams, CCHCS;

   k. A. Delgado, CDCR; and

   l. Steven Posson, CTF.

All other defendants are dismissed.

Service on the listed defendant(s) shall proceed under CDCR's e-service program for civil rights cases from prisoners in CDCR custody.  In accordance with the program, the clerk is directed to serve on CDCR via email the following documents: the operative FAC (ECF No. 27), this order of service, a CDCR Report of E-Service Waiver form and a summons.  The clerk also shall serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall file with the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United

---

[1] Unknown defendants John/Jane Does 1-100 are dismissed without prejudice to seeking leave to amend to add them as named defendants if their identifies can be ascertained and they can be properly linked to Hill's allegations of deliberate indifference to inmate health and safety.  See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999).

States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the court a waiver of service of process for the defendant(s) who are waiving service.

Upon the filing of the CDCR Report of E-Service Waiver, the clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-285 Form. The clerk shall provide to the USMS the completed USM-285 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service. The clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

2. In order to expedite the resolution of this case, the court orders as follows:

a. No later than 90 days from the date of this order, defendants shall serve and file a motion for summary judgment or other dispositive motion. A motion for summary judgment must be supported by adequate factual documentation and must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a Rand notice so that plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. Woods v. Carey, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies (where such a motion, rather than a motion for summary judgment for failure to exhaust, is appropriate) must be accompanied by a similar notice. Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012); Woods, 684 F.3d at 935 (notice requirement set out in Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003), overruled on other grounds by Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc), must be served concurrently with motion to dismiss for failure to exhaust available administrative remedies).

If defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they shall so inform the court prior to the date their motion is due. All

1  papers filed with the court shall be served promptly on plaintiff.

2      b.  Plaintiff must serve and file an opposition or statement of non-opposition to
3  the dispositive motion not more than 28 days after the motion is served and filed.

4      c.  Plaintiff is advised that a motion for summary judgment under Rule 56 of
5  the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you
6  must do in order to oppose a motion for summary judgment.  Generally, summary judgment must
7  be granted when there is no genuine issue of material fact – that is, if there is no real dispute about
8  any fact that would affect the result of your case, the party who asked for summary judgment is
9  entitled to judgment as a matter of law, which will end your case.  When a party you are suing
10 makes a motion for summary judgment that is properly supported by declarations (or other sworn
11 testimony), you cannot simply rely on what your complaint says.  Instead, you must set out
12 specific facts in declarations, depositions, answers to interrogatories, or authenticated documents,
13 as provided in [current Rule 56(c)], that contradicts the facts shown in the defendant's declarations
14 and documents and show that there is a genuine issue of material fact for trial.  If you do not
15 submit your own evidence in opposition, summary judgment, if appropriate, may be entered
16 against you.  If summary judgment is granted, your case will be dismissed and there will be no
17 trial.  Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

18   Plaintiff also is advised that a motion to dismiss for failure to exhaust available
19 administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without
20 prejudice.  You must "develop a record" and present it in your opposition in order to dispute any
21 "factual record" presented by the defendants in their motion to dismiss.  Wyatt v. Terhune, 315
22 F.3d 1108, 1120 n.14 (9th Cir. 2003).  You have the right to present any evidence to show that you
23 did exhaust your available administrative remedies before coming to federal court.  Such evidence
24 may include: (1) declarations, which are statements signed under penalty of perjury by you or
25 others who have personal knowledge of relevant matters; (2) authenticated documents –
26 documents accompanied by a declaration showing where they came from and why they are
27 authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements
28 in your complaint insofar as they were made under penalty of perjury and they show that you have

personal knowledge of the matters state therein.  In considering a motion to dismiss for failure to exhaust, the court can decide disputed issues of fact with regard to this portion of the case. Stratton, 697 F.3d at 1008-09.

(The Rand and Wyatt/Stratton notices above do not excuse defendants' obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment.  Woods, 684 F.3d at 935.)

       d.    Defendants must serve and file a reply to an opposition not more than 14 days after the opposition is served and filed.

       e.    The motion shall be deemed submitted as of the date the reply is due.  No hearing will be held on the motion unless the court so orders at a later date.

3.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

4.    All communications by plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

5.    It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED**.

Dated: February 17, 2026

_____
CHARLES R. BREYER
United States District Judge